## LOONEY V. THE STATE.

1. LIQUOR: *Evasion of the liquor law.*
   No trick, device, subterfuge, or pretense can be allowed to evade the operation or defeat the policy of the liquor laws, if liquor be thereby procured where it is unlawful to sell or to give it away. (This was a purchase of whisky under pretense of buying turpentine. Rep. )

APPEAL from *Benton* Circuit Court.

*C. B. Moore*, Att'y Gen'l., for appellee.

Under the three mile law as first enacted, there was no limitation as to the time it should remain in operation. This order was made in 1881. By acts 1883, pp., 54 &

Looney v. The State.

55, all orders before that date expired on 1st January, 1884. The indictment was found 13th April, 1883, when the prohibitory order was in full force.

The pretence of a sale of turpentine was a mere subterfuge to evade the law.

EAKIN, J. Appellant was indicted in April, 1883, for selling ardent liquor within three miles of a certain church in Bentonville, the county court having previously made an order prohibing it. He was convicted and fined. After motion for a new trial which was overruled he appealed.

We are not aided by any brief of appellant, and the grounds of the motion for a new trial do not suggest any error.

LIQUOR LAW: Not to be evaded. The proof is that about a month before indictment found, a party went into the drug store of appellant with a flask in his hand and called for turpentine. Defendant was waiting on ladies and told him to lay his bottle down and he would attend to it shortly. The customer went out and afterwards, returning, was told by the defendant that there was his bottle of turpentine lying on the counter. He took it, paid for it, went out and found he had whiskey. He had not said he wanted whiskey, nor had he given the druggist any nod or wink. He does not say that he was astonished, or in any wise discomfitted by finding whiskey; but says, in his testimony, that whiskey was what he was after.

No trick, device, subterfuge, or pretense, can be allowed to evade the operation, or defeat the policy of the liquor laws, if liquor be thereby procured, where it is unlawful to sell or give it away. The jury were authorized to determine, under the evidence, what the parties meant. No druggist would be apt to mistake turpentine for whiskey, in handling it.

The clerk of the county court was introduced, and read the three mile order from his records. It is copied in the bill of exceptions, and appears to have been made on the 4th of July, 1881. It conforms with the statute and is valid.

Under the act of March 21st, 1881, these local option orders of the County Court were unlimited in duration An amendatory act of Feb. 20, 1883, limited those thereafter to be made to two years, but provided that all theretofore made should expire on the 1st of Junuary, 1884. The order now in question was in force when the liquor was sold. We find no error.

Affirm.